### Amos Brown *vs.* Rodman H. Wells and others.

Under the Rev. Sts. *c.* 93, § 14, and since the repeal of *St.* 1826, *c.* 70, if a petitioner for partition dies before final judgment, his devisee cannot appear and prosecute the petition.

This was a petition for partition, and was entered at the June term of the court of common pleas, in 1846. Notice was ordered and given to all persons interested; an appearance was entered for some of them, at the following October

term, when the petition was continued to February term 1847. Between said October and February terms, the petitioner died. At said February term, an appearance was entered for another of the respondents, and the petition was continued to the next June term, "for the heirs or devisees of the said Amos, deceased, to come in and prosecute said petition to judgment for partition." At said June term, the following motion was made to the court, and filed : " In this case, Adah Ann Brown, widow and sole devisee of the deceased petitioner, asks leave to come in and prosecute the matter to final judgment. By her attorney, N. W. Harmon." This motion was overruled by *Merrick*, J. and he ordered the petition to be dismissed. To this ruling and order the said Adah Ann alleged exceptions.

*Robinson*, for Adah A. Brown.

*Dawes*, for the respondents.

DEWEY, J. The party seeking to be admitted to prosecute this petition, and to obtain judgment of partition thereon, is the widow and sole devisee of Amos Brown, deceased, who originally filed the petition. The question is, whether the right to prosecute this petition survives to her. If at all, it is as sole devisee of the original petitioner. The authority for sustaining the motion is supposed, by the counsel for the devisee, to be found in Rev. Sts. *c.* 93, §§ 14 – 18. These sections give full authority, in case of the death of the original petitioner before final judgment of partition, for " the heir of the deceased party " to appear and prosecute the original suit or petition. Who are embraced in the term " the heir of the deceased party " ? On the one side, it is contended that the language is sufficiently broad to include persons holding the estate by devise. On the other side, it is said that the words are technical, and must be limited to their appropriate technical meaning. It is hardly necessary to say, that in legal language the term 'heir' is restricted to one upon whom the law casts the estate immediately on the death of the ancestor. An heir holds the estate by descent ; a devisee by force of the devise, and the estate in him is an

estate by purchase.    The terms 'heir' and 'devisee' are each descriptive of their appropriate class of persons, and are not synonymous.    To show that this distinction, so familiar in the elementary books, is equally recognized in our statutes, we need only refer to a few instances of the use of these terms in the revised statutes; as in *c.* 62, §§ 2, 25, 30, 31; *c.* 66, § 9; *c.* 70, §§ 13, 15, 17.    In these and many other instances that might be referred to, the terms 'heirs' and 'devisees' may be found used in distinction from each other, and as descriptive of different classes of persons.    The revised statutes have obviously changed the phraseology of *St.* 1826, *c.* 70, § 1, which provided for the further prosecution of real actions in case of the death of a sole demandant. The language of that statute was, that in such case, "his or her heir, or *such other person* as would, in case the action were abated, be entitled to commence the like action, may, on motion, be permitted to prosecute the suit."    This statute would, of course, include not only a devisee, but also one having a right acquired under the deceased, in any form.    In the revision of the statutes, the provision for survivorship in real actions is restricted to the single case of heirs; and, as we must suppose, designedly so.

Our attention has also been called to the provisions of Rev. Sts. *c.* 62, § 2, as to devises of land of which the devisor may not be seized at the time of making the devise, or disseized afterwards, which give the devisee "the like remedy for the recovery thereof, either by entry or by action, as the heirs might have had."    This provision has no reference to a case like the present, but was intended to obviate the technical difficulty of making a valid devise of lands of which the testator was not seized.

The court are therefore of opinion that the party, here applying to be admitted to appear and prosecute the petition of Amos Brown for partition, is not authorized by law so to do.

*Exceptions overruled.*